IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 11 AM 11: 35

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

Benny Featherston,                    )
                    Plaintiff,        )
v.                                    )
Charms Company,                       )   Case No. 04-2157 MℓP
                    Defendant.        )
                                      )
                                      )

## ORDER TAXING COSTS

Defendant, Charms Company ("Charms"), the prevailing party in the above-captioned action under Judgment entered May 10, 2005 in favor of Defendant Charms, filed its Bill of Costs, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §1920, on May 17, 2005 in the sum of $1,106.45, seeking reimbursement from Plaintiff Benny Featherston ("Featherston") for the following itemized expenses:

|   |                                              | Requested  |
|---|----------------------------------------------|------------|
| 1.| Deposition Transcript and Court Reporting Fees | $  572.25 |
| 2.| Video of the above Deposition                | 370.00     |
| 3.| Copies of Transcriptions of two other Depositions | 164.20 |
|   | Total Costs submitted by Defendant Charms    | $1,106.45. |

The Clerk of Courts, pursuant to Local Rule 54.1, provided written notice to counsel for all parties that on June 27, 2005 a hearing would be held by the Clerk of Court on July 8, 2005 at 10:00 AM at which counsel could appear and/or submit citations of law relevant to the issue of taxing costs in this matter. A cost assessment hearing was held as scheduled, and James L. Holt, Jr. appeared as counsel on behalf of Defendant Charms. Plaintiff Featherston's counsel, J. Barney Witherington, IV, did not appear, and neither party submitted citations of law relevant to the issue of taxing costs in this matter.

For the reasons set forth below the Clerk of Court has determined that costs should be and are hereby taxed against Plaintiff Featherston and in favor of Defendant Charms in the amount of $1,106.45, based on the following allowances:

| Item # | Description of Cost Item                        | Requested  | Approved   |
|--------|--------------------------------------------------|------------|------------|
| 1.     | Deposition Transcript and Court Reporting Fees   | $  572.25  | $  572.25  |
| 2.     | Video of the above Deposition                    | 370.00     | 370.00     |
| 3.     | Copies of Transcriptions of two other Depositions | 164.20    | 164.20     |
|        | Total Costs                                      | $1,106.45. | $1,106.45. |

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___8/11/05___

34

Cost of Deposition Transcripts and Court Reporting Fees:

Pursuant to 28 U.S.C. §1920, the cost of taking and transcribing depositions as well as the cost of purchasing copies of depositions may be taxed if the depositions were necessarily obtained for use in the case, meaning that they were reasonably necessary to the prosecution of the action and were not merely useful as part of an overall discovery process. It is also well-settled that the depositions need not have been actually used at trial, and where, as in the instant action, the case was disposed of by way of Summary Judgment the issue of whether depositions were actually used at trial is a moot point. The Clerk of Court therefore finds that Items #1 ($572.25) and #3 ($164.20) were reasonably necessary for the prosecution of this case and are therefore properly taxable as costs.

Cost of Videotaped Deposition:

Pursuant to 28 U.S.C. §1920, it is permissible to tax as costs the fees of court reporters for all or any portion of the stenographic transcription of a deposition necessarily obtained for use in the case. While not specifically stated in §1920, there is ample authority that nonstenographic means of recording a deposition, such as the videotaping of a deposition, are also taxable as costs. The question is whether a prevailing party can recover the *both* the cost of stenographic transcriptions and the cost of videotaping a given deposition. This question must be answered by deciding whether both means of recording a given deposition were necessary, and the issue of necessity must, in turn, be based on more than mere convenience or just having the desire to be able to offer the deposition in alternative formats. Reading §1920 in conjunction with Fed. R. Civ. P. 30(b)(2), it is clear that the noticing party is free to decide which means of recording a deposition will be used-- that is, sound, sound-and-visual *or* stenographic-- but if the noticing party elects to record by means other than stenographic that party will eventually have to provide a stenographic transcription if the original nonstenographic deposition will later be offered as evidence at trial or on a dispositive motion (*See*, Fed. R. Civ. P. 26 and 56).

A review of the various motions and other filings in this case indicates that Defendant Charms did in fact make use of the transcription of Plaintiff Featherston's deposition. The original videotaped deposition was proper as to the means of recording, and the transcription of that deposition was both necessary and proper in that it was used by Defendant to prosecute this cause to a final disposition by means of Summary Judgment. There is, therefore, no indication that either the videotaped deposition or its transcription were anything other than a necessary part of Defendant's case preparation and presentation, and both are taxable as costs under §1920. The Clerk of Court therefore finds that Item #2 ($370.00) was reasonably necessary for the prosecution of this case and is therefore properly taxable as costs

Pursuant to Local Rule 54.1, taxation of costs by the Clerk of Court may be reviewed by the Court upon motion, which must be served within five (5) days following the docketing of this Order.

Dated: August 10, 2005

Thomas M. Gould, Clerk of Court

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:04-CV-02157 was distributed by fax, mail, or direct printing on August 11, 2005 to the parties listed.

---

James L. Holt
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

J. Barney Witherington
LAW OFFICE OF J. BARNEY WITHERINGTON IV
P.O. Box 922
Covington, TN 38019

James L. Holt
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Ted M. Yeiser
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

J. Barney Witherington
LAW OFFICE OF J. BARNEY WITHERINGTON IV
P.O. Box 922
Covington, TN 38019

Valerie B. Speakman
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Valerie B. Speakman
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Ted M. Yeiser
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Honorable Jon McCalla
US DISTRICT COURT